IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>REVEL AC, INC., et al.,<br><br>        Debtors. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>15-299(JBS)<br><br>ON APPEAL FROM AN ORDER OF THE<br>UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY |
| IDEA BOARDWALK, LLC,<br><br>        Appellant,<br><br>        v.<br><br>REVEL AC, INC.,<br><br>        Appellee. | [Case No. 14-22654 (GMB)]<br><br>**MEMORANDUM OPINION AND ORDER<br>DENYING CERTIFICATION PURSUANT<br>TO 28 U.S.C. § 158(d)(2)(A)** |

APPEARANCES:

Jeffrey A. Cooper, Esq.
Barry J. Roy, Esq.
RABINOWTIZ LUBETKIN & TULLY LLC
293 Eisenhower Avenue
Livingston, N.J. 07039
        Counsel for Appellant

Michael J. Viscount, Jr., Esq.
John H. Strock, Esq.
FOX ROTHSCHILD LLP
1301 Atlantic Avenue
Atlantic City, N.J. 08401
        -and-
John K. Cunningham, Esq.
Jason N. Zakia, Esq.
WHITE & CASE LLP
200 S. Biscayne Blvd.
Miami, Fla. 33131
        Counsel for Appellee

**SIMANDLE, Chief Judge:**

This matter comes before the Court by way of Appellant IDEA Boardwalk, LLC's (hereinafter, "Appellant") application for certification pursuant to 28 U.S.C. § 158(d)(2)(A), for temporary relief pending the Court's disposition of Appellant's certification request, and for an expedited hearing.  [Docket Item 27.]  The Court conducted an expedited hearing, by telephone, on the record on January 23, 2015.  For the reasons that follow, the Court will deny Appellant's application in its entirety.

On January 21, 2015, the Court issued a comprehensive Opinion concerning four emergency motions to stay—including one filed by the Appellant—the Bankruptcy Court's January 8, 2014 Order approving the sale and purchase of the assets of Revel AC, Inc., et al., free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f).  [Docket Items 24 & 25.][1] Consequently, the Court need not reiterate the lengthy background of the parties' relationship, nor the genesis of the substantive dispute presented in the pending appeal.

Rather, as relevant here, the Court notes that, on January 16, 2015, the Court received Appellant's appeal of the

---

[1] The Court's January 21, 2015 opinion and order simultaneously addressed three other appeals from the same Sale Order of the Bankruptcy Court, pending at Civil Nos. 15-302, 15-317, and 15-352.

2

Bankruptcy Court's Order, followed by Appellant's emergency motion to stay pending appeal to this Court. [Docket Items 1 & 3.]  In connection with the Court's consideration of such motion, the Court specifically afforded Appellant (in their submissions and on the oral argument record on January 20, 2015) an opportunity to seek all potentially available relief.  The Appellant did not request to augment its requested relief and, based upon the submissions and lengthy oral argument record, the Court denied Appellant's motion to stay the Bankruptcy Court's Order, following a comprehensive discussion of the applicable considerations.  [See id.]  Appellant's appeal remains pending in the District Court.

Despite these procedural circumstances, Appellant insists in the pending application that the circumstances of this action now warrant certification of the issue concerning "the interplay the between §§ 363(f) and 365(h)," due to the absence of any "controlling authority in the Third Circuit or the United States Supreme Court," and because the "prompt adjudication" of such issue "will materially advance the progress of this bankruptcy case." (Appellant's Br. at 3.)  The Appellee counters, however, that Appellant "seeks certification from the wrong court," and argues that Appellant's application must be denied on that basis. (Appellee's Opp'n at 2-4.)

As part of the Bankruptcy Abuse Prevention and Consumer Protection Act, Congress enacted significant changes to the Bankruptcy Code.  In connection with such amendments, and in light of the "widespread unhappiness at the paucity of settled bankruptcy-law precedent," Congress amended 28 U.S.C. § 158(d) to provide parties with a mechanism to file direct appeals of bankruptcy court orders, judgments, or decrees to the court of appeals.  See 28 U.S.C. § 158(d)

The Court must therefore first determine whether Appellant seeks relief in the proper forum.  Under the newly-revised Federal Rule of Bankruptcy Procedure 8006(d), "[o]nly the court where the matter is pending ... may certify a direct review on request of parties or on its own motion."[2]  FED. R. BANKR. P. 8006(d) (effective December 1, 2014).  Federal Rule of Bankruptcy Procedure 8006(b), in turn, provides that, for the purposes of such determination, the matter remains pending in the bankruptcy court for 30 days following the effective date of the notice of appeal.  See FED. R. BANKR. P. 8006(b).  Here, Appellant filed its notice of appeal on January 15, 2015 [Docket Item 1], and this matter therefore remains "pending" before the

---

[2] This revision radically altered the former rule which provided that "[a] matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3)." FED. R. BANKR. P. 8001(f)(2) (2013).

Bankruptcy Court for the purposes of considering a request for direct certification until February 14, 2015. See FED. R. BANKR. P. 8006(b), (d).  This Court, accordingly, lacks the authority at this time to resolve Appellant's request.  Choice of the word "only" in Rule 8006(d) indicates that, for the 30 days following appeal, the Bankruptcy Court has sole authority to certify its order, judgment or decree to the Court of Appeals.

Though the application of Rule 8006 to the pending appeal may result in a somewhat surprising outcome (by requiring Appellant to file its request before the Bankruptcy Court), it is nonetheless the requirement of Rule 8006's unambiguous language, and consistent with the legislative intent behind the revision's enactment.  See FED. R. BANKR. P. 8006, advisory committee notes (noting that the "provision will in appropriate cases give the bankruptcy judge, who will be familiar with the matter being appealed, an opportunity to decide whether certification for direct review is appropriate").  The Court therefore finds that Appellant filed its certification request before the wrong court—an infirmity in Appellant's application that warrants, without more, the denial of the pending application.[3]

_____

[3] Appellant IDEA Boardwalk orally suggested that this aspect could be cured, and the District Court would become the proper court in which to seek certification, if the Court would withdraw the reference as to the Sale Order only.  The Court

However, even if the Court entertained the merits of the Appellant's application, the Court finds certification unwarranted for additional reasons.  Critically, a direct appeal requires certification from a lower court that the bankruptcy order being appealed involves:

i.   A question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court;
ii.  A question that involves a matter of public importance;
iii. A question of law requiring resolution of conflicting decisions; or
iv.  A circumstance in which an immediate appeal might "materially advance the progress of" the bankruptcy case or proceeding below.

See 28 U.S.C. § 158(d)(2)(A)(i)-(iii).  The mechanism does not authorize certification of just a "controlling question of law" to the court of appeals, unlike 28 U.S.C. § 1292(b) for regular civil matters.  However, under Bankruptcy Rule 8001(f)(3), the applicant is to identify the question presented and the facts necessary to understand the question presented, as discussed infra.

Section 158(d)(2), accordingly, enables a party, under certain circumstances, to bypass the district court, and to seek direct appeal of a bankruptcy court order, judgment or decree to the court of appeals.  Weber v. U.S., 484 F.3d 154, 157 (2d Cir.

_____

declines to do so.  The Bankruptcy Court has guided the complex process leading to the Sale Order for months, and the Sale Order has important facets not involved in these appeals, so that it would be highly irregular to withdraw the reference.

2007).  Such direct appeal is subject to authorization of the court of appeals.  28 U.S.C. § 158(d)(2)(A). Indeed, in enacting the section 158(d)(2) amendments, Congress "emphasized that 'decisions rendered by a district court as well as a bankruptcy appellate panel are generally not binding and lack stare decisis value.'"  Id. at 158 (quoting H.R. REP. No. 109-31(1), at 148 (2005)).  Congress therefore believed that direct appeals "would be most appropriate" where such appeals "called upon [the court of appeals] to resolve a question of law not heavily dependent on the particular facts of a case," because a direct appeal would assure the prompt resolution of "knotty legal problems." Id. (citations omitted).

In that respect, however, section 158(d)(2) contemplates a complete circumvention of the district court in the bankruptcy appeals process, if approved by the bankruptcy judge or district judge.  See id. at 157 (noting that section 158(d)(2) enables a party to "bypass" the district court); see also In re Ortiz, 665 F.3d 906, 910 (7th Cir. 2011) (noting that 28 U.S.C. § 158(d)(2) gives the court of appeals direct "jurisdiction over appeals that would normally go to the district court under 28 U.S.C. § 158(a)").  Indeed, section 158(d)(2)(A) "gives [the court of appeals authority to hear appeals straight from the bankruptcy court, leapfrogging over the district court or bankruptcy appellate panel in order to speed up the resolution of

dispositive legal questions." In re Woolsey, 696 F.3d 1266, 1268 (10th Cir. 2012).  The direct appeals process therefore endeavors, in the face of unsettled questions of law, to avoid having a case make two complete trips through the appellate process (one before the district court, and the other before the court of appeals).

In contrast, in the present case, this Court agrees with the Appellee Debtors that Appellant IDEA Boardwalk, seeks by this request for § 158(d)(2) certification, to take a second bite at the litigation apple following receipt of a district court's determination of an appellate issue in a manner adverse to such party.  Indeed, the language of the statute at least discourages such a procedure, and instead provides that a party "direct[ly]" present an issue to the court of appeals, not first seek district court intervention, and only thereafter request certification.  See 28 U.S.C. § 158(d)(2)(A).

Nor does the statute's reference to certification by "the bankruptcy court, the district court, or the bankruptcy appellate panel" compel any different conclusion.  28 U.S.C. § 158(d)(2)(A).  To the contrary, despite this language, section 158(d)(2) still necessarily envisions presentment of a request for certification at the inception of the appellate process (whether before the bankruptcy court, the district court, or the bankruptcy appellate panel), not after the district court has,

8

as here, proceeded through the disposition of an emergency motion.  See In re Ortiz, 665 F.3d at 910 (noting that 28 U.S.C. § 158(d)(2) gives the court of appeals direct "jurisdiction over appeals that would normally go to the district court under 28 U.S.C. § 158(a)") (emphasis added).  The present certification could have been sought directly from the Bankruptcy Court following its January 8, 2015 entry of the Sale Order, or it could have been sought upon appeal to this Court on January 16, 2015 instead of pursuing the appeal in this Court and litigating the stay pending appeal to this Court.

In the present case, certification at the request of Appellant IDEA Boardwalk would create the anomaly that the same Sale Order is under appeal in two forums, as Appellants Amenity Tenants, ACR Energy and IGT in Civil Nos. 15-352, 15-302, and 15-317 respectively have not sought certification but elected to pursue their appeals in this District Court.

For all of these reasons,[4] the Court finds that Appellant's application lacks support in section 158(d)(2)'s plain language

---

[4] Federal Rule of Bankruptcy Procedure 8001(f)(3)(C) requires, in relevant part, that a request for certification include: the facts necessary to understand the question presented, and the question itself.  See FED. R. BANKR. P. 8001(f)(3)(C).  Appellant does not specify the precise question proposed for certification, nor the exact question.  Consequently, the Court denies Appellant's application for that reason as well.

9

and its legislative history,[5] and the Court will, accordingly,
deny Appellant's application in its entirety.[6]  Consequently, for
good cause shown,

It is on this  **23rd**  day of  **January** , **2015**, hereby

**ORDERED** that Appellant's application for certification, for
temporary restraints, and for an expedited hearing [Docket Item
27] shall be, and hereby is, **DENIED**.


**s/Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

---

[5] Though Appellant argues that that "the standard to be met for
certification is ... clearly applicable to [Appellant's]
request," Appellant ignores the unique procedural circumstances
of this action, and provides no authority for certification
under the present circumstances.  (Appellant's Br. at 4.)

[6] Appellant is also free to appeal from this Court's January 21,
2015 Order denying the stay pending appeal to this Court, and
nothing herein addresses that right.